LANGDON, J., Dissenting.
I dissent. I am entirely in accord with the principles of law stated in the majority opinion, and as applied to the facts appearing therein, the conclusion reached cannot be challenged. But the statement that the facts are without conflict is not borne out by the record. There is a real conflict as to the scope of the permission given to drive the car, and the evidence is such that the trial court was warranted in drawing the inference that the driving at the time of the collision was with the express or implied consent of defendants.
Neither Randall nor Evans corroborated Obernolthe’s statement that Evans was authorized to drive only to Beaumont and nowhere else. Evans testified: “The best I recall the conversation with Mr. Randall at that time was, I was figuring on going on home and he told me to be sure and stop in and sign the contract as I went through Beaumont. ’ ’ And Randall’s testimony was: “He told me to take the car out to him to Desert Center and for him to return it immediately and sign the papers at Beaumont.” All the witnesses agree that Evans was instructed to drive to Beaumont at once and while there, to sign the papers; but there is no testimony save that of Obernolthe that the permission to use the car was to cease upon arrival at Beaumont, regardless of the circumstances. Evans’ testimony, on the other hand, is to the effect that he was authorized to drive the car, but to stop at Beaumont to complete the transaction; and this testimony is consistent with the inference to be drawn from the receipt calling for the $25 balance of the down payment “at time of delivery”. There were, moreover, some inconsistencies and uncertainties tending to discredit Obernolthe’s testimony; e. g., he was mistaken as to the person from whom he originally acquired the car, and as to the date that he prepared the “pink slip”.
*531 In this state of the record the trial court was justified in drawing the inference that the express permission granted by Obemplthc sufficiently covered the use under the circumstances of the instant case.
I think the judgment should be affirmed.
Rehearing denied. Langdon, J., and Shenk, J., voted for a rehearing.